John L. McMAIN, Appellant,

v.

Celine C. TWOMEY, Appellee.

No. 8452.

United States Court of Appeals
Tenth Circuit.

Oct. 26, 1966.

Arturo G. Ortega, Albuquerque, N. M. (Willard F. Kitts and William E. Snead, Albuquerque, N. M., on the brief), for appellant.

Quincy Adams, Albuquerque, N. M. (Adams & Pongetti, Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS and HICKEY, Circuit Judges, and CHRISTENSEN, District Judge.

ORIE L. PHILLIPS, Circuit Judge.

McMain brought this action against Twomey to recover damages for personal injuries. The trial of the action resulted in a jury verdict in favor of McMain for $300. McMain moved for a new trial on the grounds that the verdict was grossly inadequate, the verdict was contrary to the evidence, the jury failed to follow the court's instructions, and the court erred in refusing to admit certain deposition evidence.

On the night of June 28, 1961, McMain had stopped his automobile at a traffic light and was waiting for a green light, at a street intersection in Albuquerque, New Mexico. While he was so waiting, Twomey drove her automobile into the rear of McMain's automobile.

On November 11; 1961, McMain was on a hunting trip for deer with certain friends. He was sitting in his automobile while it was parked off the main

highway, about eight miles south of Corona, New Mexico. It was the same automobile that was involved in the first accident. While such automobile was so parked, one Pepper drove a 1950 Chevrolet half-ton pickup truck against the rear of McMain's automobile. The impact of the second collision was greater than the first. The damage to McMain's automobile, caused by the first collision, was $93.73, while the damage thereto, caused by the second collision was $408.53. A claim made by McMain for damages caused by the second accident was settled for a substantial amount. In a deposition, McMain testified that the amount of the settlement was $11,000. However, the court ruled that the defendant could not introduce that part of the deposition showing the specific amount paid in the settlement.

Following the first accident, McMain took his wife to the Presbyterian Hospital emergency room in Albuquerque, New Mexico. McMain testified that after they left the emergency room, he experienced intense headaches and pain in his neck and lower back. He did not go to a physician until July 5, 1961. On that day, he consulted Dr. Overton of the Lovelace Clinic in Albuquerque. X-rays were taken and he was placed on physiotherapy treatments several times a week and also was given traction at times. He testified that the condition in his neck improved, but that the pain in his lower back increased after the second accident. Dr. Overton examined McMain again on August 7, 1961. McMain then complained of pain in his right leg. Dr. Overton found tenderness in McMain's lower back. When he stretched the sciatic nerve, McMain said it increased the pain. Additional X-rays of McMain's spine were taken on July 11, 1961. They showed a normal disc space at L 4–5, but a narrowing disc space at L 5–S–1.

Dr. Overton testified that he saw McMain on August 7, 1961, and then concluded from his subjective symptoms and the X-rays that McMain probably had a small ruptured disc at L 5–S–1, and that there was a causal relationship between the accident and the ruptured disc.

On September 17, 1962, additional X-rays were taken of McMain's spine. They showed no essential difference in the condition of the space at L 4–5, but the X-rays of the L 5–S–1 space showed it was narrower in 1962 than it was in 1961.

On January 22, 1963, Dr. Miller performed a surgical operation on McMain's lower spine. He found a herniated or ruptured disc at L 4–5 and a narrowing of the space at L 5–S–1, but no herniation or protrusion at that point. There was considerable degeneration at L 5–S–1. Pathology following the surgery in 1963 showed that the disc material removed from the herniated disc L 4–5 was only slightly degenerated. Dr. Minear, a medical witness for Twomey, testified that he would have expected marked degeneration if that disc had extruded for a year and one-half.

Dr. Overton testified that there was degeneration at L 5–S–1 for some time prior to the accident of June 28, 1961.

Dr. Minear further testified that among the causes for pain in the lower back was a degenerated disc.

McMain testified that while on the November 1961 deer hunt and before the second accident, he walked a distance of four or fives miles and helped to dress out a deer. Hunting for deer and dressing out a deer carcass are strenuous exercises. After denying that he played golf, McMain admitted that he had played golf on August 3, 1962. He further testified that he had ridden a horse many times. The evidence established that on August 17, 1961, he opened a heavy door, rotating his body completely and holding the door open with his right hand; that he performed the usual chores about his home, such as carrying a bale of hay, repairing the roof on his house, carrying a metal pipe, and engaged in other like activities.

Undisputed medical evidence established that the lifting of heavy objects can cause a ruptured disc.

William Haas testified that on June 7, 1962, while he was investigating McMain's claim for Twomey, McMain told him that he (Haas) "was to relay on to other persons that he (McMain) was capable of an effective and efficient medical build-up," apparently using the word "persons" to refer to persons against whom McMain was claiming damages caused by the first accident.

 From the foregoing, the jury was warranted in concluding that the ruptured or herniated disc at L 4–5 occurred subsequent to the second accident and subsequent to Dr. Overton's diagnosis of a herniated disc, made on August 7, 1961, and was not caused by the first accident, and that the pain suffered by McMain between the time of the first and second accident was largely due to the degenerated disc at L 5–S–1, and that the amount of such pain was greatly exaggerated by McMain.

McMain paid out for medical services, X-rays and therapy, between July 5, 1961, and November 7, 1961, $280.93.

McMain testified that he lost no wages or earnings on account of his asserted injuries. He made no claim in the instant case for damage to his car.

It is apparent that the court was of the opinion that the damages awarded by the jury were adequate.

 At the trial, counsel for McMain introduced certain portions of the direct testimony of the orthopedic specialist referred to above, taken by deposition. Counsel for Twomey then offered certain portions of the cross-examination of such specialist, which related to the matters brought out in the direct examination, introduced by counsel for McMain. Counsel for McMain then undertook to introduce additional portions of the deposition, which related to new matters not covered by the direct and cross-examination theretofore offered. The court sustained an objection to such offer on the ground that it was improper redirect examination. The record does not contain the additional evidence which coun-

sel for McMain undertook to introduce. It is obvious, therefore, that we cannot say on the instant record that the court abused its discretion in sustaining the objection to such evidence.

We conclude that the court did not abuse its discretion in denying the motion for a new trial.

Affirmed.